UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM UPSHAW,<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN OF C.S.P. LOS ANGELES,<br><br>                    Respondent. | No.  1:22-cv-00949-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT PREJUDICE[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner John William Upshaw ("Petitioner"), a state prisoner initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 on July 29, 2022. (Doc. No. 1, "Petition").  This matter is now before the Court for preliminary review.  *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243.  As more fully explained below, because Petitioner's state habeas petition remains before the California Supreme Court, the undersigned recommends the court abstain from exercising jurisdiction and dismiss the petition without prejudice to refiling after petitioner's state proceedings have concluded.

////

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1

# I. BACKGROUND

Petitioner is challenging his September 2018 Tulare County Superior Court plea-based conviction for residential robbery, robbery, attempted carjacking, and two counts of vehicle theft. (Doc. No. 1 at 1). The Petition raises several grounds for relief: (1) ineffective assistance of counsel for failure to inform him of his "right to make an insanity plea"; (2) his guilty plea was made "under duress"; (3) his mental capacity should have been evaluated; and (4) he was required to pay more restitution than agreed to as part of his guilty plea. (*Id*. at 5-10). Petitioner attaches a copy of the Superior Court's March 30, 2022 order denying relief on his state habeas corpus petition. (*Id*. at 16-18).

# II. APPLICABLE LAW AND ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

For purposes of § 2254 habeas review, a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 478 U.S. 314, 321 n. 6 (1987). The seminal case of *Younger v. Harris*, 401 U.S. 37, 44 (1971) applies when a petitioner's conviction is not yet final. In *Younger*, the Supreme Court held that a federal court generally cannot interfere with pending state criminal proceedings. This holding, commonly referred to as the *Younger* abstention doctrine, is based on the principle of federal-state comity

and is appropriate when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901–902 (9th Cir. 2019) (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations and internal quotation marks omitted)). In the habeas context, "[w]here . . . no final judgment has been entered in state court, the state court proceeding is plainly ongoing for purposes of *Younger*." *Id*. at 902. Absent rare circumstances, a district court must dismiss such actions. *See Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir. 2018); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown" is federal intervention in an on-going state criminal proceeding appropriate.).

The Petition is unclear has to whether Petitioner has a habeas corpus petition pending in the California Supreme Court or appears to be under the mistaken belief that he is filing the instant Petition with the California Supreme Court. (*Id*. at 2, in response to whether he sought review of the Superior Court's denial of relief, Petitioner checks "No" but then identifies the California Supreme Court and states his case is "pending"; *see also id*. at 4-5, stating "I appealed to the sentencing court first, [and] now I'm appealing to the state supreme court"; *see also id*. at 9-10, acknowledging he filed only with the sentencing court and with "this court"). However, the Court takes judicial notice of the California Courts Appellate Courts Case Information online database pursuant to Rule 201 of the Federal Rules of Evidence, which indicates a petition for writ of habeas corpus was filed in the California Supreme Court on September 19, 2022, and is still pending as of the date of these findings and recommendations.[2] Nowhere in the petition does petitioner allege and nothing in the record supports a finding of any extraordinary circumstances that would warrant this court's intervention. Further, absent certain circumstances, not present here, exhaustion of

---

[2] https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "John William Upshaw").

state court remedies is a prerequisite to filing a federal habeas action.  28 U.S.C. § 2254 (b)(1)(A).  Consequently, the undersigned recommends the district court dismiss the Petition without prejudice to refiling once Petitioner's state court proceedings have fully concluded.

### III.  CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id*.  Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further.  The undersigned therefore recommends that a certificate of appealability not issue

Accordingly, it is **ORDERED**:

The Clerk of Court is directed shall assign this case to a district judge for the purposes of reviewing these findings and recommendations.

Further, it is **RECOMMENDED**:

1. The Petition (Doc. No. 1) be DISMISSED WITHOUT PREJUDICE.

2. Petitioner be denied a certificate of appealability.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    October 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE